O

# United States District Court
# Central District of California

| | |
|---|---|
| LISANA MEADE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JULES HELM,<br><br>　　　　　　Defendant. | Case № 2:20-cv-08839-ODW (JEMx)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16] AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [17]** |

## I.　　INTRODUCTION

On July 31, 2020, Plaintiff Lisana Meade initiated this action in state court, seeking partition and an accounting for real property she allegedly co-owns with Defendant Jules Helm. (Notice Removal ("NOR"), Ex. A ("Compl."); ECF No. 1.) On September 25, 2020, Helm removed the action to this Court. (*See* NOR.) Now, by way of two fully briefed Motions, Helm and Meade each move for summary judgment.[1] For the following reasons, the Court **DENIES** both Motions.[2]

---

[1] (*See* Def.'s Notice Mot., ECF No. 16; Def.'s Mot. Summ. J. ("Helm Mot."), ECF No. 16-1; Pl.'s Opp'n Helm Mot. ("Opp'n Helm Mot.), ECF No. 20; Def.'s Reply Helm Mot. ("Reply Helm Mot."), ECF No. 23; Pl.'s Mot. Summ. J. ("Meade Mot."), ECF No. 17; Def.'s Opp'n Meade Mot. ("Opp'n Meade Mot."), ECF No. 19; Pl.'s Reply Meade Mot. ("Reply Meade Mot."), ECF No. 24.)

[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Unless otherwise noted, the following allegations and facts are undisputed. In 1997, Jules and Helm were married. (Pl.'s Statement Genuine Issues Material Fact ("Meade SGI") ¶ 1, ECF No. 20-2.) In 1999, Helm and Jules acquired, in both of their names, the real property located at 4139 Cahuenga Boulevard, Unit 107, Toluca Lake, California (the "Property"). (*Id.* ¶ 3.)

By November 1999, the parties had separated and were in the process of divorcing. (Meade SGI ¶¶ 4, 5.) During this time, Helm asked Meade to sign a quitclaim deed to the Property. (*Id.* ¶ 5.) Helm asserts that, in 2000, Meade signed and delivered the quitclaim deed to the Property, which Helm still maintains in his possession. (Def.'s Statement Uncontroverted Facts ("Helm SUF") ¶ 6, ECF No. 16-4; Def.'s Notice Errata Ex. 2 ("Helm Decl.") ¶ 3, Ex. A ("Deed"), ECF No. 18.) However, Meade argues that she returned the Deed to Helm unsigned, and that the signature on the Deed is a forgery. (Decl. Lisana Meade ("Meade Decl.") ¶¶ 5, 8, ECF No. 20-1.)

Meade originally initiated this action in state court, seeking a partition for the sale of the Property and a split of the proceeds, and accounting for the rents received from third party tenants of the Property; Helm removed the action to this Court. (*See generally* Compl.; NOR.) Helm now seeks summary judgment as to Meade's claims, arguing that, based on the Deed, she has no ownership interest in the Property and, alternatively, that her claims are barred by the statute of limitations. (Helm Mot. 5–11.) Meade also moves for summary judgment, arguing that as a co-owner of the Property, she is entitled to partition by sale of the Property. (Meade Mot. 5–6.) For the following reasons, the Court **DENIES** Helm's and Meade's Motions.

## III. LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of establishing the absence of a

genuine issue of material fact lies with the moving party, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986), and the court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, though the Court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment. *Addisu*, 198 F.3d at 1134.

        Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See Celotex*, 477 U.S. at 322–23; *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). A "non-moving party must show that there are 'genuine factual issues that properly can be resolved only by a finder of fact *because they may reasonably be resolved in favor of either party*.'" *Cal. Architectural Bldg. Prods.*, 818 F.2d at 1468 (quoting *Anderson*, 477 U.S. at 250). "[I]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Id.* (citing *Matsushita Elec. Indus.*, 475 U.S. at 586–87). "[U]ncorroborated and self-serving" testimony will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). The court should grant summary judgment against a party who fails to demonstrate facts sufficient to

establish an element essential to his case when that party will ultimately bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322.

When parties file cross-motions for summary judgment, the court "evaluate[s] each motion separately, giving the nonmoving party in each instance the benefit of all reasonable inferences." *A.C.L.U. of Nev. v. City of Las Vegas*, 466 F.3d 784, 790–91 (9th Cir. 2006). In evaluating the motions, "the court must consider each party's evidence, regardless under which motion the evidence is offered." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011); *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001) ("[T]he court must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them."). To avoid errors such as the application of the wrong presumption or burden to a party's showing, the Court first analyzes the Helm's Motion, followed by Meade's Motion.

## IV. EVIDENTIARY OBJECTIONS

The parties raise numerous objections to evidence presented in the various filings. (*See* Pl.'s Obj. Helm Mot. ("Meade First Obj."), ECF No 20-3; Def.'s Obj. Opp'n Helm Mot. ("Helm Obj."), ECF No. 23-1; Pl.'s Obj. Opp'n Meade Mot. ("Meade Second Obj."), ECF No. 24-1.) First, Meade objects to Helm's copy of the Deed, arguing that it lacks authentication and foundation. (Meade First Obj. 1–2, Meade Second Obj 1–2.) However, Helm does provide authentication and foundation for the copy of the Deed by testifying that it is a true and correct copy of the quitclaim deed Helm received in the mail from Meade, and that Helm recognizes Meade's signature on the Deed as her own because Helm acquired familiarity with Meade's signature after observing her signing numerous documents during their marriage. (Helm Decl. ¶ 9.) Accordingly, Helm offered "evidence sufficient to support a finding that the item is what [he] claims it is," which is the quitclaim deed Helm received in the mail bearing what Helm believes is Meade's signature. Fed. R. Civ. Pro. 901(a); *see id.* 901(b)(1), (2). Thus, the Court **OVERRULES** Meade's

objections and considers the Deed in analyzing the Motions. Whether Meade indeed affixed her signature on the Deed—or whether it was affixed by forgery—remains a disputed issue of fact.

Additionally, Helm objects to the statements Meade makes in her declaration regarding Helm's behavior at various times. (Helm Obj. 2.) However, the objected evidence is unnecessary to the resolution of the Motions. Thus, the Court need not and does not resolve those objections here. *See Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1122 (E.D. Cal. 2006) (proceeding with only necessary rulings on evidentiary objections).

## V. DISCUSSION

The Court denies both Helm's and Meade's Motions because there is a genuine dispute of material fact as to Meade's ownership interest in the Property.

### A. Helm's Motion

In his Motion, Helm asserts that he is entitled to summary judgment because Meade has no ownership interest in the Property, or alternatively, that Meade's partition claim is barred by the statute of limitations. (Helm Mot. 8, 10.) Helm further argues Meade's accounting claim must be dismissed as it is dependent on the partition claim. (*Id.* at 10–11.) As explained below, the Court denies Helm's Motion on both alternative bases because the Court finds there is a genuine dispute of material fact as to whether Meade has retained an ownership interest in the Property.

#### 1. Meade's Ownership Interest in the Property is a Material Fact in Genuine Dispute

Helm argues that Meade has no ownership interest in the Property because Meade sent him the signed Deed, which was valid upon delivery. (*Id.* 8–9.) Meade opposes this contention by arguing that the signature on the Deed is not her own and instead is a forgery. (Opp'n Helm Mot. 4.)

In the context of instruments conveying real property interests, "a forged document is void ab initio and constitutes a nullity; as such it cannot provide the basis

for a superior title as against the original grantor." *People v. Schmidt*, 41 Cal. App. 5th 1042, 1058 (2019) (quoting *Wutzke v. Bill Reid Painting Serv., Inc.* (1984) 151 Cal. App. 3d 36, 43); *City of Los Angeles v. Morgan*, 105 Cal. App. 2d 726, 733 (1951) ("An instrument that is void *ab initio* is comparable to a blank piece of paper."). Thus, "a deed altered without authority before delivery or recording or a deed procured by fraud in the inception . . . is void and conveys no title to the grantee." *Schmidt*, 41 Cal. App. 5th at 1058 (citations omitted). Accordingly, if the signature on the Deed is in fact a forgery, then Meade did not convey, and therefore may still possess, her ownership interest in the Property.

Whether the signature on the Deed is authentic or a forgery, is a material fact that the parties dispute. In support of his contention that the signature on the Deed is authentic, Helm provides his declaration testimony that he received from Meade the signed Deed in the mail and still has the original signed Deed in his possession and provides a copy as evidence. (Helm Decl. ¶¶ 8, 9.) Helm declares that he recognizes Meade's signature on the Deed as her own because he became familiar with Meade's signature after witnessing her sign "many documents" during their marriage. (*Id.* ¶ 9.) Helm also offers a copy of the parties' divorce petition "to show an example of [Meade's] signature." (*Id.* ¶ 7; *see id.*, Ex. B.) In support of his contention that Meade intended to sign the Deed, Helm also declares that he used his inheritance to purchase the Property and that Meade did not financially contribute to the purchase and accordingly, when Helm asked Meade to quitclaim her interest in the Property, she told Helm "without hesitation" that she would do so. (*Id.* ¶¶ 3, 5.) Helm also states that since their divorce, he maintained the Property alone—finding tenants, overseeing the collection of rent, paying all property taxes and maintenance costs— without Meade's involvement. (*Id.* ¶ 10.) Helm asserts that until the initiation of this action, Helm and Meade had "no communications whatsoever" regarding the Property and Meade never disputed Helm's sole ownership of the Property. (*Id.* ¶ 11.)

To show that the signature on the Deed is not her own, Meade offers her own declaration testimony that she returned the Deed to Helm unsigned. (Meade Decl. ¶ 5.) Specifically, Meade states, "In 2000, Defendant sent me a packet of documents including the Petition for Dissolution of Marriage and a quitclaim deed for the Property and requesting that I sign them. I returned all of the papers, signing the divorce Petition but returned the quitclaim deed to him unsigned." (*Id.*) Meade declares that she never promised to, and never did, transfer her interest in the Property to anyone and never signed the Deed or any quitclaim deed to the Property. (*Id.* ¶¶ 5, 7.) Meade states that the signature appearing on the Deed—which appears to include the last name "Helm"—is a forgery and during her marriage, she never used the last name "Helm." (*Id.* ¶ 8.) In further support of the contention that she did not use the "Helm" last name, Meade also asserts that her driver's license and passport at the time reflected that her last name was Meade, not Helm. (*Id.*) As evidence that Meade never intended to sign the Deed, Meade declares that she contributed to the original purchase of the Property with her own funds and she was unaware Helm held out the Property as his own and "always asserted that she is a one half owner of the Property." (*Id.* ¶¶ 3, 9.)

Because both parties offer contradictory evidence regarding the authenticity of the signature on the Deed, this factual issue is in genuine dispute. And because the Court must determine the signature's authenticity to determine whether Meade still retains an ownership interest in the Property, this factual issue is material. Accordingly, there is a genuine dispute as to a material fact and the Court cannot grant summary judgment for Helm based on Meade's lack of ownership interest. *See Primerica Life Ins. Co. v. Atkinson*, No. 11-CV-05299-RBL, 2012 WL 6057888, at *1 (W.D. Wash. Dec. 6, 2012) (referring to prior order denying summary judgment for the named beneficiary of a life insurance policy because the policyholder's wife offered declaratory testimony that the policyholder's signatures on his policy were forged, thereby raising a genuine issue of material fact as to the validity of that

policy—an issue not resolvable on summary judgment).[3] Thus, Helm is not entitled to summary judgment on the ground that Meade lacks an ownership interest.

### 2. Meade's Partition Claim is Not Barred by the Statute of Limitations

Helm alternatively argues that Meade's partition claim is barred by the statute of limitations and that her accounting claim must be dismissed as it is dependent on the partition claim. (Helm Mot. 10–11.) Citing to California Code of Civil Procedure section 319, Helm asserts that the statute of limitations for Meade's claim is five years from the date when she last possessed the Property. (*Id.* at 10.)

Accepting, for the sake of this analysis, that section 319 applies to Meade's partition claim, whether the five-year statute of limitations has expired necessarily depends on when Meade last possessed the Property. *See* Cal. Civ. Proc. Code § 319. "Seized or possessed of the premises" includes ownership, even when the owner does not reside in or have immediate possession of the property. *Borden v. Boyvin*, 55 Cal. App. 2d 432, 436 (1942) ("If a party has an absolute conveyance of real property, [section 319] do[es] not apply." (citation omitted).) In this case, whether Meade still has an ownership interest in the Property—or whether she conveyed that ownership interest over twenty years ago—remains a genuine dispute of fact, and this dispute must be resolved before determining whether section 319 applies. Thus, there is a genuine dispute as to whether the statute of limitations bars Meade's claims.

As neither of Helm's proffered bases for summary judgment shows entitlement to judgment as a matter of law, the Court **DENIES** Helm's Motion.

### B. Meade's Motion

In her Motion, Meade argues that she is entitled to summary judgment on her partition claim because the Property is a "partnership property" in which she and

---

[3] Helm additionally contends that the Deed was valid upon delivery, irrespective of whether it was recorded or notarized, and because Meade otherwise treated the Deed as valid by remaining uninvolved with the Property for the last twenty years. (Helm Mot. 8–10.) The Court does not reach these arguments because it has not—and cannot at this stage—resolve the threshold factual issue of whether the signature on the Deed is valid or forged. *See Schmidt*, 41 Cal. App. 5th at 1058 (stating that a deed altered without authority, prior to delivery or recording, is void).

Helm have "concurrent interests." (Meade Mot. 4.) Accordingly, Meade argues, she is entitled to a partition "as of right." (*Id.*) This contention is wholly without merit.

Meade's entire Motion rests on the presumption that the Court has already determined Meade has a valid ownership interest in the Property. (*See id.* 4–5 ("**If the court finds that the plaintiff is entitled to partition**, it shall make an interlocutory judgment that determines the interests of the parties in the property and orders the partition of the property and . . . the manner of partition." (emphasis added)) (quoting Cal. Code Civ. Proc. §872.720(a)).) As stated above, there is a genuine dispute as to whether Meade has any ownership interest in the Property whatsoever. Thus, Meade's presumption that the Court finds she is "entitled to partition" is baseless and the Court therefore **DENIES** Meade's Motion. Finally, to the extent Meade moves for summary judgment in her favor on her accounting claim, the Court **DENIES** her Motion as neither the notice of Motion nor the moving papers placed Helm on clear, sufficient notice that summary judgment of this claim was at issue.

## VI.  CONCLUSION

For these reasons, the Court finds that whether Meade retains an ownership interest in the Property remains in genuine dispute. Because ownership is an element of both of Meade's claims, the entire case remains in genuine dispute, and the Court therefore **DENIES** both Helm's and Meade's Motions, (ECF Nos. 16, 17).

**IT IS SO ORDERED.**

May 2, 2022

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

9